**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7757**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERRELL IVEY WOODLEY, a/k/a Rell,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:11-cr-00058-RAJ-FBS-2; 2:16-cv-00333-RAJ)

Submitted: June 30, 2021                                Decided: July 15, 2021

Before GREGORY, Chief Judge, and WYNN and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Frances H. Pratt, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Daniel Taylor Young, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerrell Ivey Woodley appeals the district court's order denying his 28 U.S.C. § 2255 motion. Woodley pleaded guilty, pursuant to a written plea agreement, to possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). The predicate for the § 924(c) offense was assault with a dangerous weapon in aid of racketeering activity, which, in turn, was predicated on two Virginia state offenses. The district court sentenced Woodley to 120 months' imprisonment and three years of supervised release. The district court denied Woodley's § 2255 motion as untimely.

On appeal, we granted a certificate of appealability on the following issue: whether, in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), and *In re Thomas*, 988 F.3d 783 (4th Cir. 2021), the district court erred in dismissing Woodley's § 2255 motion as untimely. The Government has withdrawn its timeliness defense to Woodley's § 2255 motion but nevertheless suggests that we may affirm Woodley's § 924(c) conviction because it remains lawful after *Davis*. Woodley moves to remand this case so the district court may consider the merits of his claim in the first instance.

When the district court previously considered Woodley's § 2255 motion, it did not have the benefit of our recent holding in *Thomas* that "*Davis* applies retroactively to cases on collateral review." 988 F.3d at 786. We concluded that the *Davis* rule is substantive because it placed individuals "who had committed a crime . . . that satisfied the [crime of violence] definition in . . . [§ 924(c)'s] residual clause . . . beyond the government's power to prosecute," *id.* at 789, and noted that the Supreme Court made *Davis* retroactive because the Court "has held that new substantive rules of constitutional law generally apply

2

retroactively to cases on collateral review." *Id.* at 790 (internal quotation marks omitted). The district court determined that the § 2255 motion was untimely; therefore, it did not reach the merits of Woodley's § 2255 motion in the first instance. Because "we are a court of review, not of first view," *Lovelace v. Lee*, 472 F.3d 174, 203 (4th Cir. 2006) (internal quotation marks omitted), we vacate the district court's order and grant Woodley's motion to remand to the district court for consideration of the § 2255 motion in light of *Thomas*. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*
